UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yitzchok Weiss,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　　　-v.-<br><br>First National Collection Bureau, Inc.;<br>LVNV Funding LLC;<br>and John Does 1-25;<br>　　　　　　　　　　　　　　　　Defendants. | Case No.: 1:21-cv-216<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Yitzchok Weiss brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants First National Collection Bureau, Inc. ("Collection Bureau") and LVNV Funding LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

　　　　1.　　The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

　　　　2.　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 2362 Nostrand Ave, Apt 9, Brooklyn, NY 11210.

8. Defendant Collection Bureau is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

9. Upon information and belief, Defendant Collection Bureau is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

11. Upon information and belief, Defendant LVNV is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant Collection Bureau sent a collection letter;
    c. on behalf of Defendant LVNV;
    d. attempting to collect a consumer debt;
    e. in three sub-classes where the letter
        1. states identical dates for default and judgment entry;

      2. states an amount due, offers a different settlement amount, and then claims the "amount shown above" may increase without specifying to which amount it refers;

      3. states that interest may be accruing without stating how interest is calculated;

   f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth here.

23. Some time prior to June 18, 2020, Plaintiff allegedly incurred an obligation to non-party HSBC Bank Nevada, N.A. ("HSBC").

24. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically an HSBC personal credit card used for personal purchases.

25. The alleged HSBC obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. HSBC is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Upon information and belief, HSBC sold or assigned the alleged to debt to Defendant LVNV.

28. Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

29. Upon information and belief, LVNV contracted with Defendant Collection Bureau to collect the alleged debt.

30. Defendant Collection Bureau collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*June 18, 2020 Collection Letter*

31. On or about June 18, 2020, Defendant Collection Bureau, on behalf of Defendant LVNV, sent Plaintiff a collection letter regarding the alleged debt, originally owed to HSBC and now owed to LVNV.  See Letter attached as Exhibit A.

32. The Letter was sent during a very difficult time, in the early throes of the COVID-19 pandemic.

33. The collection letter states, inter alia:

> Judgement[sic] date: 04/19/2012
> Dates of default/date of first default/date on which the balance became due: 04/19/2012

34. The Letter provides identical dates for default and judgment.

35. This is factually impossible and mutually exclusive.

36. A lawsuit cannot be filed, and therefore no judgment entered, if there has been no default.

37. Upon information and belief, the alleged date of default preceded the date of judgment.

38. The listed date for one of those two occurrences is false and/or deceptive and misleading.

39. Defendant was led to believe this letter may be fraudulent and was confused as to which debt was involved here, when judgment was entered, when he allegedly defaulted, which lawsuit was referenced for this debt, and/or how this implicates his alleged responsibilities for making payment thereon.

40. The Letter further states "Our client LVNV Funding LLC is offering you a discounted offer of $7,666.68 in 12 payments starting on 07/21/2020".

41. Lower down, the Letter states, "Because of interest the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, and adjustment may be necessary after we receive your check".

42. It is unclear to which amount the letter refers when its states "if you pay the amount above" then the balance may still increase.

43. It can refer to the full balance.

44. It can also refer to the settlement amount.

45. Upon information and belief, one of those two amounts will *not* increase due to interest.

46. As the letter is open to more than one reasonable interpretation, at least one of which is false or misleading, the letter violates the FDCPA.

47. In the alternative, the confusion the Letter sows is itself violative of the FDCPA.

48. Plaintiff was unable to understand the terms of the settlement offer.

49. In addition, the letter states that the date on which the balance became due is April 9, 2012 yet also states that there is interest accruing and therefore presumably part of the "Total Due".

50. The stated balance, i.e., the "Total Due" therefore did not become due on the listed date of April 9, 2012.

51. Due to the added interest, the "Total Due" became due on the date of the letter, June 18, 2020, or shortly prior.

52. Alternatively, if no interest was added to the Total Due then the statement that interest is accruing is false or at minimum misleading.

53. Plaintiff was concerned and confused by the Letter.

54. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

55. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

56. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

57. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

60. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

61. Defendant's actions led the letter's recipient to suspect fraudulent intent by the debt collector.

62. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

63. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

64. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendants violated said section, as described above, by:

   a. Making a false and misleading representation in violation of §1692e (10);

   b. Threatening to take an action (adding interest) that was not intended to be taken in violation of §1692e (5); and

   c. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

69. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

73. Defendants violated this section by unfairly:

   a. providing identical dates for default and judgment;

   b. stating an amount due, offering a settlement amount, and then claiming the "amount" may increase without specifying to which amount it refers, when at least one of those amounts would not increase; and

   c. falsely stating date on which the balance became due or claiming interest is being added to the debt when it is not.

74. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yitzchok Weiss, individually and on behalf of all others similarly situated, demands judgment from Defendants Collection Bureau and LVNV as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 14, 2021                               Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
Bar No. EB8283
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*